# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:21-CR-00121-02** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ANDREA LEON (02)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendant's Motion to Reconsider Detention Order and Grant Another Detention Hearing. (Rec. Doc. 69). The Government opposed the motion (Rec. Doc. 72). For the following reasons, the motion is DENIED.

Defendant initially appeared on May 10, 2021 on a complaint with other defendants on multiple drug trafficking charges. (Rec. Doc. 1). Following a preliminary hearing and detention hearing on May 14, 2021, in which Magistrate Judge Kay considered testimony from the Government's witness and Defendant's proposed third-party custodian, Magistrate Judge Kay ordered Defendant detained pending trial. (Rec. Doc. 32).

On May 26, 2021, Defendant was indicted along with four other defendants on one count of conspiracy to distribute methamphetamine. (Rec. Doc. 44; 45). She appeared and was arraigned on July 6, 2021. (Rec. Doc. 66).

Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention hearing

> may be re-opened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Defendant filed this Motion to Reconsider Detention on the grounds that 1) a trial date will not be set in the foreseeable future due to another fugitive defendant; and 2) she has no criminal history, and she is a college graduate and resident of California where her family owns a housekeeping business which could fail in her absence. (Rec. Doc. 69). The Court finds that Defendant has failed to present any new evidence that has a material bearing on the issue of conditions suitable for release. Defendant has not presented evidence of why her new argument for release and evidence regarding her family's business were not raised at her initial detention hearing. The Court further disagrees that the indefinite trial date constitutes a change in circumstances that has a material bearing on whether there are conditions of release that will reasonably assure the safety of any person in the community.

To the extent that Defendant makes a due process argument regarding her continued detention, the Court has considered the factors relevant in the initial

detention decision, as well as 1) the length of detention that has in fact occurred or may occur in the future, 2) the speculative nature of future detention, 3) the complexity of the case, and 4) whether the strategy of either side has occasioned the delay, and finds no violation at this time. *See United States v. Hare,* 873 F.2d 796 (5th Cir. 1989). Accordingly,

Defendant's Motion to Reconsider Detention Order and Grant Defendant Pretrial Release (Rec. Doc. 69) is DENIED.

Signed at Lafayette, Louisiana on this 29th day of July, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE